UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| CECILIA HIDALGO. | § | |
|    Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:22-cv-26 |
| v. | § | |
| | § | |
| JTP LLC AND COCA-COLA | § | |
| SOUTHWEST BEVERAGES LLC | § | |
|    Defendants. | § | |

**DEFENDANT COCA-COLA SOUTHWEST BEVERAGES LLC'S
<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Coca-Cola Southwest Beverages LLC ("CCSWB") hereby removes this action from the 394th Judicial District Court of Presidio County, Texas to the United States District Court for the Western District of Texas, Pecos Division, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, based on the following facts:

**I.
<u>BACKGROUND</u>**

1.      On August 2, 2022, Plaintiff Cecilia Hidalgo filed her Original Petition in Cause No. 8178, *Cecilia Hidalgo vs. JTP LLC and Coca-Cola Southwest Beverages LLC,* in the 394th District Court of Presidio County, Texas.

2.      The United States District Court for the Western District of Texas, Pecos Division, is the United States District and Division embracing the 394th Judicial District Court of Presidio County, Texas where this action is pending. *See* 28 U.S.C. §§ 124(d)(6) and 1446(a). Therefore, venue of this removed action is proper in this Court.

3.　　　　CCSWB has not yet been served with citation and Plaintiff's Original Petition. However, Plaintiff's counsel informally provided CCSWB's third-party claims administrator with the Original Petition on August 3, 2022. This notice is therefore timely under 28 U.S.C. § 1446(b).

4.　　　　This Notice of Removal is accompanied by the State Court's Docket Sheet and Plaintiff's Original Petition, attached as **Exhibit 1.**  Other than the documents attached as Exhibit 1, no other pleadings or orders are presently on file in the state court.  In the event that such filings come to CCSWB's attention, true and legible copies will be filed with this Court.  This Notice of Removal is also accompanied by CCSWB's disclosure statement made pursuant to Federal Rule of Civil Procedure 7.1, attached as Exhibit 2.

5.　　　　CCSWB is serving written notification on all counsel of this Notice of Removal and filing a Notice of Filing Notice of Removal, attaching a copy of this Notice of Removal, with the state court.

## II.
## STANDARD FOR REMOVAL

6.　　　　This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) based on diversity of citizenship because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Therefore, removal is proper under 28 U.S.C. §§1332 and 1441.

## III.
## ARGUMENT AND AUTHORITIES

**A.　Complete Diversity Exists Between the Parties.**

7.　　　　There is complete diversity among the parties.

8.　　　　Plaintiff was and is a citizen of the State of New Mexico as alleged in Plaintiff's Original Petition.

**DEFENDANT COCA-COLA SOUTHWEST BEVERAGES LLC'S NOTICE OF REMOVAL**　　　　**PAGE 2**

9.     Defendant CCSWB is a limited liability company.  The citizenship of a limited liability company is determined by the citizenship of each member of the entity.  *Harvey v.  Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir.  2008). CCSWB is a citizen of the States of Delaware and Georgia and a citizen of the foreign state of Mexico.

10.     Upon information and belief, Defendant JTP LLC (also identified as "Porter's" in Plaintiff's Original Petition) was and is a limited liability company formed and existing under the laws of the State of Texas, with its corporate headquarters located at 200 NW Ave. K, Andrews, Texas 79714.

11.     Because Plaintiff is a citizen of New Mexico, Defendant CCSWB is a citizen of the U.S. states of Delaware and Georgia (as well as the foreign state of Mexico), and Defendant JTP LLC is a citizen of Texas, complete diversity exists among the parties.

**B.     The Amount in Controversy Exceeds $75,000.**

12.     The matter or amount in controversy in this suit exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C.  §1332(a).

13.     Under the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 760, 762 ("JVCA") (applicable to cases commenced on or after January 6, 2012), where a case is removed on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading" is ordinarily "deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

14.      Plaintiff's Original Petition pleads monetary damages of over $250,000 in Paragraph I, then additionally pleads monetary damages over $1,000,000 in Paragraph III. *See* Exhibit 1, ⌐ 1 and ⌐ 3.  Thus, the based on the initial pleadings, it is clear that the amount in controversy exceeds $75,000 as required by 28 U.S.C. §§ 1332 and 1441.

**C.    Removal is appropriate because even though Defendant JTP, LLC is a forum defendant, it has not been served.**

15.    "[A] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Texas Brine Company, L.L.C. v. American Arbitration Association, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) (holding that the forum defendant rule does not prohibit snap removal by a non-forum defendant after suit is filed, but before the forum defendant is served).

16.    Defendant JTP, LLC, a citizen of the State of Texas, is a forum defendant. However, upon information and belief, it has not been served in this lawsuit.

17.    This case is otherwise removable, as (1) there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.

18.    Because Defendant JTP, LLC has not been served and this case is otherwise removable, non-forum Defendant CCSWB is permitted to file this notice of removal.  *See Texas Brine Company, L.L.C.,* 955 F.3d at 487.

## IV.
## CONCLUSION

WHEREFORE, because the United States District Court for the Western District of Texas has original diversity of citizenship jurisdiction in this matter, Defendant Coca-Cola Southwest Beverages LLC respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,


/s/ David H. Estes
**DAVID H. ESTES**
State Bar No.  24012599
destes@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
Phone: (214) 369-2100
Fax: (214) 369-2118

**ATTORNEYS FOR DEFENDANT**
**COCA-COLA SOUTHWEST BEVERAGES LLC**


## CERTIFICATE OF SERVICE

On the 4th day of August 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties pursuant to the Federal Rules of Civil Procedure.


/s/ David H. Estes
*David H. Estes*