# EXHIBIT 1

## Case Information

## Cecilia Hidalgo vs. JTP LLC, Coca-Cola Southwest Beverages LLC
8178

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Presidio County - District Clerk | Civil - Injury or Damage | Other Injury or Damage | 8/2/2022 |

## Parties [3]

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Cecilia Hidalgo | Dustin Ray Burrows |
| Defendant | JTP LLC | |
| Defendant | Coca-Cola Southwest Beverages LLC | |

## Events [3]

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 8/2/2022 | Filing | Application | Civil Process Request-Porter's | 2. Civil Process Request-Porters.pdf |
| 8/2/2022 | Filing | Petition | Plaintiff's Original Petition | 1. PETITION.pdf |
| 8/2/2022 | Filing | Application | Civil Process Request-Coca-Cola | 3. Civil Process Request-Coca Cola.pdf |

© 2022 Tyler Technologies, Inc. | All Rights Reserved
Version: 2022.7.0.3394



Case 4:22-cv-00026-DC-DF   Document 1-1   Filed 08/04/22   Page 3 of 10

Filed 8/2/2022 10:01 AM
Florcita Zubia
Combination Clerk
Presidio County, Texas
By Melina Carrillo

NO. 8178 _____

| | | |
|---|---|---|
| CECILIA HIDALGO, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | OF PRESIDIO COUNTY, TEXAS |
| | § | |
| JTP LLC and COCA-COLA | § | |
| SOUTHWEST BEVERAGES LLC | § | |
| *Defendant.* | § | _____JUDICIAL DISTRICT |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Plaintiff CECILIA HIDALGO complaining of Defendant JTP LLC, hereafter "PORTER'S" and Defendant COCA-COLA SOUTHWEST BEVERAGES LLC, hereafter "COCA-COLA" for cause of action would show the Court as follows:

**I.**
**DISCOVERY-CONTROL PLAN**

Discovery in this case is to be conducted under TEXAS RULES OF CIVIL PROCEDURE 190.4, Discovery Control Plan, Level 3, and affirmatively pleads that this suit is not governed by the expedited-actions process in TEXAS RULE OF CIVIL PROCEDURE 169 because plaintiff seeks monetary relief over $250,000.

**II.**
**PARTIES**

Plaintiff CECILIA HIDALGO is an individual residing at P.O. Box 85, Lovington, New Mexico 88260.

Defendant PORTER'S is a Domestic Limited Liability Comp, and may be served through its registered agent for service of process, Trae Porter an individual residing at 200 Northwest Avenue K, Andrews, Texas 79714.

Defendant COCA-COLA is a Foreign Limited Liability Company, and may be served through its registered agent for service of process, Corporation Service Company doing business as CSC Lawyers Incorporating Service Company, at 211 East 7th Street Suite 620, Austin, Texas 78701-3218.

## III.
## JURISDICTION AND VENUE

Venue is proper in Presidio County, pursuant to §15.002(a)(1), TEX. CIV. PRAC. & REM CODE, because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

The amount of Plaintiff's damages is substantial and well in excess of the jurisdictional minimums of this Court. Many elements of damage, including physical pain, suffering, disfigurement and mental anguish cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury. Plaintiff does not at this time seek any certain amount of damages for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate Plaintiff. However, Plaintiff seeks monetary relief over $1,000,000 as set out in Tex. R. Civ. P. 47(c)(4). Plaintiff also seeks judgment for all other relief to which Plaintiff is entitled. Plaintiff reserves the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

## IV.
## FACTS

On September 29, 2020 Plaintiff CECILIA HIDALGO, was injured on the premises located at 504 Erma Avenue, Presidio, Texas 79845.

At the time of the injury, the premises in question was operating as a grocery store, owned and operated by Defendant PORTER'S. Defendant PORTER'S was in control of the premises on which Plaintiff's injuries occurred. Defendant PORTER'S was either the owner or lessor of the premises and had the right to control the property on which Plaintiff was injured.

Plaintiff was an invitee at the time the injury occurred. Plaintiff went on Defendant PORTER'S premises for the mutual benefit of herself and Defendant, and at the implied invitation of the Defendant. Plaintiff was a business invitee of Defendant PORTER'S because on or about September 29, 2020, Plaintiff came upon Defendant's business premises to make a purchase. Defendant PORTER'S extended an open invitation to the public, including the Plaintiff, to shop at their store. While walking to the deli in the grocery store, Plaintiff CECILIA HIDALGO slipped and fell on the un-warned wet floor by the by the Coca-Cola machine near the checkout registers. Moreover, the Coca-Cola machine was known to leak by the staff of Defendant PORTER'S; this leakage was reported to Defendant COCA-COLA however it was never fixed.

Defendant COCA-COLA was the owner and seller of the machine at issue. Defendant COCA-COLA knew the machine had a propensity for leaking and that it was, in fact, leaking. Based upon information and belief, Defendant COCA-COLA failed to exercise reasonable care in either designing the product such that it did not leak, warning of the potential for leaks and making timely repairs – once notified – of the leaking conditions.

As a result of both Defendant PORTER'S and Defendant COCA-COLA's negligence, Plaintiff CECILIA HIDALGO fell to the ground and sustained severe injuries.

## V.
## NEGLIGENCE

Because Plaintiff was a guest at the time of injury, Defendant PORTER'S owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

On or about September 29, 2020, Plaintiff CECILIA HIDALGO was on the premises in question to buy food and gasoline from the grocery store. While walking to the deli to purchase food, Plaintiff CECILIA HIDALGO slipped and fell on the un-warned wet floor on the premises.

Defendant PORTER'S conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant PORTER'S to Plaintiff. Defendant PORTER'S knew or should have known that the condition on its premises created an unreasonable risk of harm to its tenants. Defendant PORTER'S, by and through its agents, servants and employees, acting within the scope of their employment failed to exercise reasonable ordinary care to reduce or eliminate the risk by failing to maintain its premises in a reasonably safe condition, by failing to clean up the wet floor, by failing to warn of the wet floor, and by failing to mitigate circumstances surrounding the premises. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

Defendant COCA-COLA's conduct, and that of its agents, servants, and employees, within the scope of their employment constituted a breach of the duty of ordinary care owed by Defendant

COCA-COLA to Plaintiff. Defendant COCA-COLA knew or should have known the condition of its machine created an unreasonable risk of harm to those using the machine and walking near it. Based upon information and belief, Defendant COCA-COLA failed to exercise reasonable care in either designing the product such that it did not leak, warning of the potential for leaks and making timely repairs – once notified – of the leaking conditions. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

## VI.
## DAMAGES

As a direct and proximate result of the aforesaid incident and such negligence and/or *per se* negligent act(s) by Defendant PORTER'S and Defendant COCA-COLA as stated herein, Plaintiff CECILIA HIDALGO has:

1. sustained and suffered severe personal injuries to her wrist, shoulder, and to her body generally, and has incurred medical bills and expenses for which she prays Judgment. These expenses were incurred for reasonable and necessary care and for the treatment of injuries resulting from the incident complained of herein. It is reasonably probable that CECILIA HIDALGO will incur additional medical expenses in the future for which she now sues.

2. suffered great physical and mental pain, suffering and anguish in the past. As a further result of the nature and consequences of her injuries, CECILIA HIDALGO will, in all probability, continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

3. suffered physical impairment. It is reasonably probable that CECILIA HIDALGO's physical impairment resulting from the foregoing injuries is of a lasting nature.

4. suffered physical disfigurement. It is reasonably probable that CECILIA HIDALGO's physical disfigurement resulting from the foregoing injuries is of a lasting nature.

5. suffered lost wages in the past.

All of the foregoing damages as alleged above exceed the minimum jurisdictional limits of this Court.

## VII.
## NOTICE PURSUANT TO T.R.C.P. 193.7

Plaintiff provides notice to Defendants pursuant to Rule 193.7 of the TEXAS RULE OF CIVIL PROCEDURE that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## VIII.
## REQUEST FOR PRESERVATION

Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff CECILIA HIDALGO prays that Defendant PORTER'S and Defendant COCA-COLA be cited to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants for all damages proved; for costs of Court; for pre-judgment interest in accordance with the law, and interest on the judgment until the time the judgment is paid; and for such other and further relief to which Plaintiff may show herself justly entitled to receive and for which she will ever pray.

Respectfully submitted,

*LIGGETT LAW GROUP, P.C.*
1001 Main, Suite 300
Lubbock, Texas 79401
Telephone: (806) 744-4878
Facsimile: (806) 744-4879

By: */s/ Dustin R. Burrows*
    DUSTIN R. BURROWS
    SBN: 24048375
    dustin@liggettlawgroup.com

    TED A. LIGGETT
    SBN: 00795145
    ted@liggettlawgroup.com

    NEAL W. SPRADLIN
    SBN: 24077779
    neal@liggettlawgroup.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jayme Bryant on behalf of Dustin Burrows
Bar No. 24048375
jayme@liggettlawgroup.com
Envelope ID: 66873748
Status as of 8/3/2022 9:31 AM CST

Associated Case Party: Cecilia Hidalgo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Neal Spradlin | | neal@liggettlawgroup.com | 8/2/2022 10:01:18 AM | SENT |
| Dustin Burrows | | dustin@liggettlawgroup.com | 8/2/2022 10:01:18 AM | SENT |
| Jayme Bryant | | jayme@liggettlawgroup.com | 8/2/2022 10:01:18 AM | SENT |